# EXHIBIT A

**GREEN & SCHAFLE LLC**
MICHAEL C. SHAFLE, ESQUIRE
GREGORY M. STOKES, ESQUIRE
I.D. Nos.: 94298/206711
2332 S. Broad Street
Philadelphia, PA 19145
Phone: (215) 462-3330
Fax: (215) 567-1941
Email: mschafle@greenlegalteam.com
gstokes@greenlegalteam.com

Filed and Attested by the Office of Judicial Records 25 SEP 2025 01:49 pm GILLIAM

**ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| **ANNE O'NEILL and JAMES O'NEILL**<br><br>v.<br><br>**HOME DEPOT USA, INC. d/b/a THE HOME DEPOT;**<br>**HOME DEPOT, INC. d/b/a THE HOME DEPOT;**<br>**THE HOME DEPOT; and**<br>**KATHRYN O'HARA HAGERMAN** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**SEPTEMBER TERM, 2025**<br>**NO.: 1763**<br><br>**JURY TRIAL DEMANDED** |

**PRAECIPE TO REINSTATE COMPLAINT**

Clerk of Court:

Please Reinstate the attached Complaint in the above matter.

Respectfully submitted,

**GREEN & SCHAFLE LLC**

Date: September 25, 2025

By: [signature]

Michael C. Schafle, Esquire
Gregory M. Stokes, Esquire
Attorneys for Plaintiffs

2025 SEP 26 A 11: 32

**GREEN & SCHAFLE LLC**
MICHAEL C. SHAFLE, ESQUIRE
GREGORY M. STOKES, ESQUIRE
I.D. Nos.: 94298/206711
2332 S. Broad Street
Philadelphia, PA 19145
Phone: (215) 462-3330
Fax: (215) 567-1941
Email: mschafle@greenlegalteam.com
gstokes@greenlegalteam.com

Filed and Attested by the Office of Judicial Records 25 SEP 2025 11:32 am S. RELLOS

**ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| **ANNE O'NEILL and JAMES O'NEILL**<br><br>v.<br><br>**HOME DEPOT USA, INC. d/b/a THE HOME DEPOT;**<br>**HOME DEPOT, INC. d/b/a THE HOME DEPOT;**<br>**THE HOME DEPOT; and**<br>**KATHRYN O'HARA HAGERMAN** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**SEPTEMBER TERM, 2025**<br>**NO.:**<br><br>**JURY TRIAL DEMANDED** |

2025 SEP 26 A 11:32
RECV'D MAIL ROOM

**COMPLAINT - CIVIL ACTION**
**NOTICE TO PLEAD**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association

AVISO

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo a partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente para pagar tal servicio. Vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar dónde se puede conseguir asistencia legal.

Asociación De Licenciados De Filadelfia



The signed document can be validated at https://app.vinesign.com/Verify

Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197

Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197

**GREEN & SCHAFLE LLC**
MICHAEL C. SHAFLE, ESQUIRE
GREGORY M. STOKES, ESQUIRE
I.D. Nos.: 94298/206711
2332 S. Broad Street
Philadelphia, PA 19145
Phone: (215) 462-3330
Fax: (215) 567-1941
Email: mschafle@greenlegalteam.com
gstokes@greenlegalteam.com

**ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| **ANNE M. O'NEILL and JAMES O'NEILL**<br>716 South Settlors Circle<br>Warrington, PA 18976<br><br>v.<br><br>**HOME DEPOT USA, INC. d/b/a THE HOME DEPOT**<br>2455 Paces Ferry Road<br>Atlanta, GA 30339;<br><br>**HOME DEPOT, INC. d/b/a THE HOME DEPOT**<br>2455 Paces Ferry Road<br>Atlanta, GA 30339;<br><br>**THE HOME DEPOT #4187**<br>2250 Easton Road<br>Willow Grove, PA 19090;<br><br>and<br><br>**KATHRYN O'HARA HAGERMAN**<br>26 Bittersweet Drive<br>Apartment 12<br>Doylestown, PA 18901 | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY**<br><br>**SEPTEMBER TERM, 2025**<br>**NO.:**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiffs, Anne M. O'Neill and James O'Neill, by and through her attorneys, Green & Schafle LLC, hereby bring this Civil Action Complaint against Defendants and, in support

thereof, baked upon information and belief, aver and allege the following:

1. Plaintiff, Anne M. O'Neill, is an adult individual residing in the Commonwealth of Pennsylvania at 2455 Paces Ferry Road, Warrington, PA 18976.

2. Plaintiff, James O'Neill, is an adult individual residing in the Commonwealth of Pennsylvania at 2455 Paces Ferry Road, Warrington, PA 18976 and is the husband of Plaintiff, Anne M. O'Neill.

3. Defendant, Home Depot USA, Inc. d/b/a The Home Depot, is a corporation or other jural entity conducting business at 1651 S. Christopher Columbus Boulevard, Philadelphia, PA 19148; 2200 Oregon Avenue, Philadelphia, PA 19145; 2539 Castor Avenue, Philadelphia, PA 19134; 11725 Bustleton Avenue, Philadelphia, PA 19116; and 4640 Roosevelt Boulevard, Philadelphia, PA 19124, with an additional place of business at 2250 Easton Road, Willow Grove, PA 19090 (the "Store") with headquarters located at 455 Paces Ferry Road, Atlanta, GA 30339.

4. Defendant Home Depot, Inc. d/b/a The Home Depot is a corporation or other jural entity conducting business at 1651 S. Christopher Columbus Boulevard, Philadelphia, PA 19148; 2200 Oregon Avenue, Philadelphia, PA 19145; 2539 Castor Avenue, Philadelphia, PA 19134; 11725 Bustleton Avenue, Philadelphia, PA 19116; and 4640 Roosevelt Boulevard, Philadelphia, PA 19124, with an additional place of business at 2250 Easton Road, Willow Grove, PA 19090 with headquarters located at 455 Paces Ferry Road, Atlanta, GA 30339.

5. Defendant The Home Depot #4187, is a corporation or other jural entity conducting business at 2250 Easton Road, Willow Grove, PA 19090.

6. Defendant Kathryn O'Hara Hagerman ("Hagerman"), is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, properly subject to service at her residence of 26 Bittersweet Drive, Apartment 12, Doylestown, PA 18901.

7. Upon information and belief, at all relevant times, Defendant Hagerman acted both in her own right and as the general manager, store manager, and/or employee-agent of Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 at its location of 2250 Easton Road, Willow Grove, PA 19090 (the "Premises") and on August 8, 2015 was directly involved in the negligent, careless, and reckless maintenance, supervision, management, and repair of the Premises located at 2250 Easton Road, Willow Grove, PA 19090, including the maintenance, supervision, and repair of the floor and aisles within the Premises as described herein.

8. Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 will be referred to, collectively, throughout this Complaint as the "Home Depot Defendants" and Defendants, Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 and Hagerman will be referred to, collectively, throughout this Complaint as "Defendants."

9. Upon information and belief, the Home Depot Defendants regularly conducted business, directly or indirectly, throughout five stores located in Philadelphia County at 1651 S. Christopher Columbus Boulevard, Philadelphia, PA 19148; 2200 Oregon Avenue, Philadelphia, PA 19145; 2539 Castor Avenue, Philadelphia, PA 19134; 11725 Bustleton Avenue, Philadelphia, PA 19116; and 4640 Roosevelt Boulevard, Philadelphia, PA 19124.

10. At all times material hereto, the Home Depot Defendants had extensive and regular business contacts within the Commonwealth of Pennsylvania, and regularly, systematically, and continuously transacted business and related activities in Philadelphia County, Pennsylvania, including the ownership, operation, management, and supervision of at least five stores located in Philadelphia County at 1651 S. Christopher Columbus Boulevard, Philadelphia, PA 19148; 2200 Oregon Avenue, Philadelphia, PA 19145; 2539 Castor Avenue, Philadelphia, PA 19134; 11725 Bustleton Avenue, Philadelphia, PA 19116; and 4640 Roosevelt Boulevard, Philadelphia, PA 19124.

11. At all relevant times, the Home Depot Defendants also owned, operated, controlled, supervised, and/or managed the The Home Depot #4187 located at 2250 Easton Road, Willow Grove, PA 19090.

12. At all relevant times, the Home Depot Defendants acted through their agents, employees, and servants, including but not limited to workmen, general managers, managers, cashiers, retail associates, customer service representatives, maintenance personnel, owners, directors, and/or shareholders including Defendant Hagerman, all of whom were acting within the course and scope of their employment and under the authority provided to them by the Home Depot Defendants, and whose identities are presently unknown to Plaintiffs but will be revealed in discovery. Accordingly, the Home Depot Defendants are vicariously liable to Plaintiffs for injuries sustained as a result of the negligence, carelessness and recklessness of such persons, including defendant Hagerman, whose conduct was under the control or right to control of the Home Depot Defendants and which conduct directly and proximately caused Plaintiffs' injuries.

13. At all relevant times hereto, Plaintiff Anne O'Neill was a business invitee of the Home Depot Defendants pursuant to an invitation extended by the Home Depot Defendants and

the Home Depot Defendants' duly authorized agents, representatives, servants, workmen, general managers, managers, cashiers, retail associates, customer service representatives, maintenance personnel, owners, directors, and/or shareholders, including Defendant Hagerman, acting within the course and scope of their authority and/or employment, to purchase items on their premises.

14. At all relevant times hereto, the Home Depot Defendants and their duly authorized agents, representatives, servants, workmen, general managers, managers, cashiers, retail associates, customer service representatives, maintenance personnel, owners, directors, and/or shareholders, including Defendant Hagerman, acting within the course and scope of their authority and/or employment, knowingly, negligently, carelessly, and recklessly failed to properly maintain, supervise, manage, inspect, care for, and repair the Premises located at 2250 Easton Road, Willow Grove, PA 19090, including the maintenance, supervision, inspection, care, and repair of the floor and aisles within the Premises as more fully set forth herein.

15. The injuries described herein are a direct result of the negligence, carelessness, and recklessness of the Home Depot Defendants and their duly authorized agents, servants, and employees, including the Defendant Hagerman.

16. This Court has jurisdiction over this dispute pursuant to 42 Pa.C.S.A. § 931.

17. This Court has jurisdiction over Defendants pursuant to their physical presence in this Commonwealth, the Pennsylvania Long-Arm Statute, 42 Pa.C.S.A. § 5322, and other statutory and constitutional bases.

18. The amount in controversy exceeds the prevailing, local arbitration limits.

19. Venue for this action is properly laid in Philadelphia County, Pennsylvania under the applicable rules and decisional law given the Home Depot Defendants' regular, systematic,

and continuous business interactions and related activities in Philadelphia County, Pennsylvania. *See* Pa.R.Civ.P. 1006, 2179.

20. At all times material hereto, there was a dangerous and/or hazardous condition, in the nature of unattended machinery and/or equipment in the aisle and/or on the floor of the Property.

21. At all times material hereto, Defendants had a duty to ensure that the Property was safe and did not pose a hazard to pedestrian business invitees such as Plaintiff Anne M. O'Neill.

22. At all times material hereto, Defendants acted and/or failed to act by and through their respective agents, servants, or others acting on their behalf.

23. On or about February 19, 2025, Plaintiff Anne M. O'Neill was a business invitee of the Home Depot Defendants at the Property in one of the aisles of the retail sales floor when an unattended piece of machinery and/or equipment caused her to trip and fall to the ground causing her to sustain severe and permanent injuries to her body set forth more fully at length herein.

24. Upon information and belief, on or about February 19, 2025, Defendant Hagerman was the manager on duty at the Premises and was responsible for the oversight of the Premises, including ensuring that no machinery or equipment was left unattended in the aisles of the retail store.

25. Defendants knew or should have known that the area where Plaintiff Anne M. O'Neill was injured was an area traversed by business invitees of the Property.

26. Defendants knew or should have known of the existence of the aforesaid dangerous and/or hazardous conditions in the nature of unattended machinery and/or equipment in the aisles of the retail sales floor of the Property.

27. Upon information and belief, the area where Plaintiff Anne M. O'Neill was injured was under constant surveillance and supervision by Defendants.

28. On the date as aforesaid, Plaintiff-decedent did not know, nor should she have had any reason to know, of the existence of the aforesaid dangerous and/or defective conditions.

29. At the time and place aforesaid, Defendants expected, or should have expected, that Plaintiff Anne M. O'Neill did not know, nor had any reason to know, of the existence of the aforesaid dangerous and/or hazardous condition.

**COUNT I - NEGLIGENCE**
**PLAINTIFFS v. DEFENDANTS, HOME DEPOT USA, INC., HOME DEPOT, INC. , THE HOME DEPOT #4187, AND KATHRYN O'HARA HAGERMAN**

30. Plaintiffs incorporate herein by reference the allegations contained in the above paragraphs as though the same were herein set forth at length.

31. The aforesaid fall and injuries sustained as a result of that fall were a direct and proximate result of the carelessness, negligence and recklessness of Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 and Hagerman, and through their agents, servants, or others acting on its behalf, and consisted of the following:

a. failing ensure that the area was safe for pedestrians and business invitees;

b. failing to warn Plaintiff Anne M. O'Neill of the said dangerous or hazardous condition in the nature of a unattended machinery and/or equipment in the aisles of the retail sales floor of the Property;

c. failing to properly and adequately maintain, repair, and inspect the said area;

d. failing to exercise due care;

e. failing to protect the rights and safety of Plaintiff Anne M. O'Neill;

f. failing to properly remove, secure and/or store the unattended machinery and/or equipment in the aisle of the retail sales floor of the Property;

g. failing to cordon off the area where the unattended machinery and/or equipment was located in the retail sales floor of the Property;

h. creating, permitting, and allowing to exist a foreseeable risk of harm to Plaintiff Anne M. O'Neill;

i. failing to protect the safety of pedestrians and business invitees as it relates to the above acts of negligence;

j. failing to properly perform its statutory, common law, and ordinance duties as it relates to the above acts of negligence;

k. failing to ensure that the area was safe for pedestrians and business invitees by removing, securing, and/or properly monitoring the unattended machinery and/or equipment which posed a tripping hazard in the subject Property despite knowing that such pedestrians and business invitees would be entering aisle of the subject Property where the unattended machinery and/or equipment was located;

l. permitting and/or causing the dangerous or hazardous condition in the nature of the unattended machinery and/or equipment in the aisle of the retail sales floor of the Property which posed a tripping hazard to exist and remain despite the foreseeable risk that the unattended machinery and/or equipment posed to pedestrians and business invites, including Plaintiff Anne M. O'Neill;

m. failing to train employees, agents, and/or other individuals acting on its behalf to properly monitor, maintain, remove, store, and secure machinery and equipment on the retail sales floor of the Property, including but not limited to the unattended machinery and/or equipment;

n. failing to properly and adequately monitor the area where Plaintiff Anne M. O'Neill fell despite knowing that the area contained an unattended machinery and/or equipment which posed a tripping hazard;

o. failing to properly and adequately warn pedestrians and business invitees of the existence of the dangerous or hazardous condition in the nature of the unattended machinery and/or equipment;

32. As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 and Hagerman, Plaintiff Anne M. O'Neill suffered serious and permanent injuries to her body including but not limited to: a comminuted angulated impacted fracture of the distal left radius requiring an open reduction and internal fixation of the left distal radius; injuries to her head, neck and shoulders; and significant pain and suffering from the date of the injury until the present.

33. As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 and Hagerman, Plaintiff Anne M. O'Neill suffered aches and pains, mental anxiety and anguish and a severe shock to her entire nervous system and other injuries the full extent of which is not yet known.

34. As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 and Hagerman, Plaintiff Anne M. O'Neill sustained an aggravation and exacerbation of injuries both known and unknown.

35. As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 and Hagerman, Plaintiff Anne M. O'Neill suffered severe pain and was unable to attend to her usual duties and affairs, all to great financial detriment and loss.

36. As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 and Hagerman, Plaintiff Anne M. O'Neill has been compelled in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention.

37. As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 and Hagerman, Plaintiff Anne M. O'Neill suffered physical pain and mental anguish and humiliation.

38. As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendants Home Depot USA, Inc. d/b/a The Home Depot, Home Depot, Inc. d/b/a The Home Depot, and/or The Home Depot #4187 and Hagerman, Plaintiff Anne M. O'Neill has suffered lost wages as a result of her inability to return to work.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs, delay damages, pre and post judgment interest, attorneys fees, punitive damages, and all other relief provided by law.

**COUNT II**
**LOSS OF CONSORTIUM**
**PLAINTIFF JAMES O'NEILL v. DEFENDANTS, HOME DEPOT USA, INC., HOME DEPOT, INC. , THE HOME DEPOT #4187, AND KATHRYN O'HARA HAGERMAN**

39. Plaintiffs incorporate herein by reference the preceding paragraphs as though the same were more fully set forth at length herein.

40. At all relevant times, Plaintiff Anne M. O'Neill and Plaintiff James O'Neill were lawfully married and shared a loving and committed marital relationship.

41. As a direct and proximate result of Defendants' negligence, carelessness, and recklessness and the subsequent injuries of Plaintiff Anne M. O'Neill, as described above, Plaintiff James O'Neill has suffered:

a. Loss of companionship, affection, and consortium of his wife;

b. Loss of shared household contributions, emotional support, and marital intimacy;

c. Mental anguish, sorrow, and grief.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs, delay damages, pre and post judgment interest, attorneys fees, punitive damages, and all other relief provided by law.

**COUNT III**
**PUNITIVE DAMAGES**
**PLAINTIFF JAMES O'NEILL v. DEFENDANTS, HOME DEPOT USA, INC., HOME DEPOT, INC. , THE HOME DEPOT #4187, AND KATHRYN O'HARA HAGERMAN**

42. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as though set forth fully at length.

43. At all times material hereto, Defendants, individually and collectively, acted with reckless indifference and willful disregard for the safety and rights of business invitees, including Plaintiff Anne M. O'Neill, by permitting unattended machinery and/or equipment to remain in the aisles of the Premises despite knowing, or having reason to know, that such conduct posed a high degree of risk of physical harm.

44. Defendants' conduct, as set forth above, constituted more than mere inadvertence, mistake, or error in judgment, and instead amounted to outrageous and egregious behavior, in conscious disregard of the rights and safety of others.

45. Defendants, through their agents, servants, employees, and managerial staff, including Defendant Hagerman, consciously chose to ignore or disregard well-established safety procedures designed to protect business invitees from foreseeable tripping hazards caused by machinery or equipment left in store aisles.

46. Defendants' failure to implement, train, and enforce proper safety protocols—despite knowledge of constant foot traffic by invitees—demonstrates a reckless indifference to the risk of serious injury.

47. The conduct of Defendants, including the knowing failure to act upon conditions of which they were or should have been aware, justifies the imposition of punitive damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants, jointly and severally, for punitive damages in an amount sufficient to punish Defendants and deter similar conduct, together with compensatory damages, delay damages, costs of suit, pre- and post-judgment interest, attorneys' fees, punitive damages, and such other relief as this Court deems just and proper.

**GREEN & SCHAFLE LLC**

Date: September 16, 2025

By: ______________________________

Michael C. Schafle, Esquire
Gregory M. Stokes, Esquire
Attorneys for Plaintiffs

## VERIFICATION

Plaintiffs, ANNE M. O'NEILL AND JAMES O'NEILL, H/W, hereby states that they are the Plaintiffs in this action and verify that the statements contained in the foregoing PLAINTIFFS' COMPLAINT, are true and correct to the best of their knowledge, information and belief. The language of the PLAINTIFFS' COMPLAINT is that of my counsel and we have relied upon them in making this verification. The undersigned understands that the statements contained therein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Date: 09/16/2025

ANNE M. O'NEILL
Plaintiff

Date: 09/17/2025

JAMES O'NEILL
Plaintiff